**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4188**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

HECTOR LOPEZ-GUTIERREZ,

            Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L.
Voorhees, District Judge.  (5:10-cr-00032-RLV-8)

Submitted:  December 13, 2012      Decided:  December 21, 2012

Before DAVIS, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dianne J. McVay, JONES MCVAY FIRM, PLLC, Charlotte, North
Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Hector Lopez-Gutierrez pled guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Lopez-Gutierrez to 210 months' imprisonment. Lopez-Gutierrez's counsel has submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred when it calculated Lopez-Gutierrez's Guidelines range and whether the sentence is substantively reasonable. Lopez-Gutierrez has filed a supplemental pro se brief that challenges the voluntariness of his guilty plea and the district court's calculation of his Guidelines range. We affirm.

Although Lopez-Gutierrez challenges the voluntariness of his guilty plea, his sworn statements during the plea colloquy contradict his arguments on appeal. Absent "extraordinary circumstances, the truth of sworn statements made during a [Fed. R. Crim. P.] 11 colloquy is conclusively established." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). "[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process." United States v. Bowman, 348 F.3d 408, 417 (4th Cir.

2

2003). We have reviewed the contentions on appeal and are satisfied that Lopez-Gutierrez has not met his burden of showing that he lied during the plea colloquy. We therefore conclude that Lopez-Gutierrez's plea was knowing and voluntary.

Turning to Lopez-Gutierrez's challenge to his sentence, we review for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id.

Lopez-Gutierrez's counsel questions whether the district court erred in finding that the drugs attributable to Lopez-Gutierrez were actual methamphetamine. "We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." United States v. Slade, 631 F.3d 185, 188 (4th Cir.) (internal quotation marks omitted), cert. denied, 131 S. Ct. 2943 (2011). We reverse "only if we are left with the definite and firm conviction that a mistake has been committed." United States v. Jeffers, 570 F.3d 557, 570 (4th Cir. 2009) (internal quotation marks omitted). We have reviewed the contentions on appeal and are satisfied that the district court did not clearly err in attributing actual methamphetamine to Lopez-Gutierrez.

3

Second, counsel questions whether the district court erred when it enhanced Lopez-Gutierrez's base offense level by two levels for possession of a firearm. A two-level increase in a defendant's offense level is warranted "[i]f a dangerous weapon (including a firearm) was possessed." U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2010). The defendant bears the burden to show that a connection between his possession of a firearm and his narcotics offense is "clearly improbable." United States v. Harris, 128 F.3d 850, 852-53 (4th Cir. 1997) (internal quotation marks omitted). We conclude that Lopez-Gutierrez has not met his burden of establishing that a connection between his possession of a firearm and his offense was clearly improbable and that the district court's finding was not clearly erroneous.

Third, counsel questions whether the district court erred when it found that Lopez-Gutierrez was not eligible for the safety valve reduction in USSG § 5C1.2(a). The defendant has the burden of showing that he meets all five criteria for application of the safety valve reduction. United States v. Henry, 673 F.3d 285, 292-93 (4th Cir.), cert. denied, 133 S. Ct. 182 (2012). Lopez-Gutierrez provided no evidence to establish that he did not actually possess a weapon or that he gave a qualifying statement. We therefore conclude that the district

4

court's refusal to apply the safety valve reduction was not clearly erroneous.

Fourth, counsel questions whether the district court erred in determining that Lopez-Gutierrez was not a minor participant in the conspiracy and, therefore, not eligible for a two-level reduction in his offense level. The Guidelines permit a two-level mitigating role reduction if the defendant was a minor participant in any criminal activity. USSG § 3B1.2(b). We have reviewed the contentions raised on appeal and are satisfied that the district court did not clearly err in declining to label Lopez-Gutierrez as a minor participant in the conspiracy.

Finally, counsel questions the substantive reasonableness of Lopez-Gutierrez's sentence because the district court declined to vary below the Guidelines range. As the district court sentenced Lopez-Gutierrez within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is reasonable. See United States v. Mendoza—Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Because Lopez-Gutierrez has not met his burden of showing that his sentence is unreasonable when

5

measured against the § 3553(a) factors, we conclude that the district court did not abuse its discretion in imposing the 210-month sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Lopez-Gutierrez, in writing, of the right to petition the Supreme Court of the United States for further review. If Lopez-Gutierrez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lopez-Gutierrez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>